ORIGINAL

FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAY 19 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

STEVEN MICHAEL ZAPINSKI,

    Petitioner,

v.

MILLICENT WARREN,

    Respondent,
_____/

Civil No. 04-CV-72265-DT
HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on a petition for writ of habeas corpus brought by Steven Michael Zapinski, ("petitioner"), presently confined at the Thumb Correctional Facility in Lapeer, Michigan. Petitioner, through retained counsel W. Robert Sobczak, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence on two counts of assault with intent to commit murder, M.C.L.A. 750.83; M.S.A. 28.278, and two counts of felony-firearm, M.C.L.A. 750.227b; M.S.A. 28.424(2). For the reasons stated below, petitioner's application for writ of habeas corpus is DENIED.

### I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

"On March 26, 2001, at approximately 4:00 a.m., Paul Turner and Jack Hardesty

went to defendant's house to lawfully repossess a vehicle. The vehicle belonged to defendant's wife. Turner notified defendant that he was there to repossess the vehicle. Defendant's wife notified defendant that her gun was in the vehicle. Defendant hid a loaded .45-calibur (sic) gun in his waistband and then went to the vehicle to retrieve his wife's gun.

Defendant retrieved his wife's gun from the vehicle, pulled out the .45-caliber gun from his waistband, and pointed both guns in the air. Turner and Hardesty began to run. Defendant warned Turner not to repossess the van and notified Turner that the guns were loaded. Turner and Hardesty got into their truck and heard shots as they drove away. A bullet hit the windshield and the right fender of the vehicle that the repossession men were towing. Defendant then hid the .45-caliber gun in the doghouse in the backyard.

The trial began in a courtroom that uses a videotape recording system. The first day of trial, the videotape malfunctioned and did not record the proceedings. The proceedings the first day of trial consisted of jury selection, preliminary instructions, opening statements, and the testimony of the police dispatcher who was on duty the night of the incident in addition to the testimony of both Turner and Hardesty. Defendant filed a motion for a new trial or to settle the record. The trial court denied defendant's motion for a new trial, however the prosecution, defense counsel and the trial court settled the record."

*People v. Zapinski,* 239028, * 1-2 (Mich. Ct. App. May 13, 2003).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 469 Mich. 971; 671 N.W. 2d 883 (2003). Additional facts will be discussed when addressing petitioner's claims. Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. The Petitioner's right to due process was violated when key trial testimony was lost, thus inhibiting his right and ability to effectively appeal his conviction.
>
> II. There was insufficient evidence to support petitioner's conviction for the charged crimes, thus denying his right to due process.

## II. **STANDARD OF REVIEW**

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that

was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. See Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

### III. DISCUSSION

**A. Claim # 1. The missing transcripts claim.**

Petitioner initially claims that his right to due process and a meaningful appeal was violated because the testimony from the first day of trial was lost due to the malfunctioning of the stenographer's videotape equipment. Petitioner contends that the destruction of the proceedings from the first day, including the testimony of the two complaining witnesses, limited his ability to mount a challenge on direct appeal to the sufficiency of the evidence used to convict him in this case.

The Sixth Circuit has stated that "federal habeas relief based on a missing transcript will only be granted where the petitioner can show prejudice." *See Scott v. Elo*, 302 F. 3d 598, 604 (6th Cir. 2002) (citing *Bransford v. Brown*, 806 F. 2d 83, 86 (6th Cir. 1986)). Although the Sixth Circuit has recognized the difficulty in demonstrating prejudice where the transcripts are missing, a habeas petitioner must nonetheless "present something more than gross speculation that the transcripts were requisite to a fair appeal." *See Bransford,* 806 F. 2d at 86.

Although a state must afford an indigent criminal defendant a record of sufficient completeness to permit proper review of his claims on appeal, a "'record of sufficient completeness' does not translate automatically into a complete verbatim transcript." *Mayer v. City of Chicago,* 404 U.S. 189, 194 (1971). Therefore, a state may find other means to afford adequate and effective appellate review to indigent defendants, such as an agreed statement of facts, a full narrative statement based on a court reporter's notes or a judge's notes, or a bystander's bill of exceptions. *Id.* Thus, a reconstructed record, as opposed to a verbatim transcript, can be sufficient to accord effective appellate review to a criminal defendant, especially where state appellate rules establish a procedure for reconstruction of the trial record. *See Morgan v. Massey,* 526 F. 2d 347, 348 (5th Cir. 1976).

In the present case, petitioner has offered nothing other than gross speculation that the missing transcript was necessary for him to mount a sufficiency of evidence challenge to his conviction. In response to petitioner's motion for a new trial, the trial court, the prosecutor, and petitioner's appellate attorney prepared a certified settled record, pursuant to M.C.R. 7.210(B)(2), concerning the testimony of the complainants and the other witnesses from the first day of trial. The settled record was based upon elaborate notes taken by the trial court judge concerning the

4

testimony of the witnesses. Petitioner does not challenge the accuracy of the settled record that was completed in this case. Because this settled record was prepared in accordance with a procedure established by Michigan court rules, and petitioner has failed to offer any proof that this settled record was inaccurate or incomplete, he has failed to establish that he was denied due process or the right to meaningful appellate review. Finally, petitioner has failed to show that he was prejudiced by the missing transcript from the first day of trial because even absent the complainants' testimony, the preserved trial transcripts in this case contain sufficient evidence to support petitioner's convictions. *See e.g. Moore v. Carlton,* 74 F. 3d 689, 693-94 (6th Cir. 1996)(appellate counsel's failure to file a significant portion of the trial record on direct appeal did not result in actual prejudice to petitioner's claim of insufficient evidence of premeditation for a first-degree murder conviction, and thus did not demonstrate ineffective assistance of appellate counsel, where ample evidence at trial supported a finding of premeditation). Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2. The sufficiency of evidence claim.**

Petitioner next claims that there was insufficient evidence to convict him of the crimes of assault with intent to commit murder, because there was no evidence presented that he aimed or fired his weapon at the complainants, only that he fired the bullets as warning shots.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Scott v. Mitchell,* 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and

fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *See Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). The scope of review in a federal habeas proceeding to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *See Terry v. Bock*, 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002). A conviction may rest on circumstantial evidence and a federal habeas court reviewing the sufficiency of evidence to support a conviction need not rule out all possible interpretations of the circumstantial evidence. *Dell v. Straub*, 194 F. Supp. 2d at 647. A conviction may be based upon circumstantial evidence as well as inferences based upon the evidence. *Id.*

Under Michigan law, the elements of assault with intent to commit murder in Michigan are: (1) an assault; (2) with an actual intent to kill; (3) which if successful, would make the killing murder. *See Steele v. Withrow*, 157 F. Supp. 2d 734, 740 (E.D. Mich. 2001)(*citing to People v. Hoffman*, 225 Mich. App. 103, 111; 570 N.W. 2d 146 (1997)). A conviction for assault with intent to commit murder must be premised upon a defendant's specific intent to kill. *Id.; People v. Edwards*, 171 Mich. App. 613, 620; 431 N. W. 2d 83 (1988). The intent to kill, for purposes of the crime of assault with intent to commit murder, need not be proved by direct, positive, or independent evidence, and the trier of fact may draw reasonable inferences from the facts and evidence in determining the existence of an intent to kill. *See People v. Taylor*, 422 Mich. 554, 567-568; 375 N.W. 2d 1 (1985). The use of a lethal weapon will support an inference of an intent to kill. *Steele v. Withrow*, 157 F. Supp. 2d at 740; *People v. Ray*, 56 Mich. App. 610, 615; 224 N.W. 2d 735 (1974).

6

In this case, the Michigan Court of Appeals concluded that there was sufficient evidence to support petitioner's convictions for assault with intent to commit murder. *See People v. Zapinski*, Slip. Op. at * 3-4. This Court agrees and finds that the court's decision is consistent with *Jackson* and constitutes a reasonable application thereof, as well as a reasonable determination of the facts in light of the evidence presented.

As the Michigan Court of Appeals indicated in its opinion, the evidence at trial established that Turner went to petitioner's home to repossess a vehicle and notified petitioner as to his reason for being there. Petitioner went to the vehicle and started "fumbling" with a lock box inside the vehicle. Petitioner pulled out two guns, one from his pants and from the lock box, and pointed them in the air. Hardesty testified that he began running and informed Turner that petitioner had a gun. Turner testified that petitioner stated, "they are loaded, I have a license" and ordered Turner not to repossess the van.

In response to Turner's request that he put away the guns, petitioner replied that he was trained to use the guns and had a "license to kill." Hardesty and Turner testified that they got into their truck and drove away. Petitioner ran into the street, and Turner and Hardesty both testified that they heard gunshots. Testimony indicated that the pathway of a bullet led straight toward the truck being driven by the two complainants.

In addition, testimony from the police established that petitioner admitted firing a gun at the complainants' vehicle. Petitioner also told the police that in order to be safe he had to "shoot, shoot, shoot, kill, kill, kill." Moreover, the evidence established that petitioner did not stop firing his weapon until he ran out of bullets. Police recovered five .45 caliber gun casings from in front of petitioner's house and observed skid marks from the complainants' truck in the area of the gun

casings.

Petitioner's wife, even though called as a defense witness, acknowledged that petitioner was very angry when he was informed by her that her vehicle was being repossessed. Petitioner's wife observed petitioner firing his weapon in the direction of her vehicle, where the complainants had been. Petitioner's wife acknowledged that she told the police that petitioner fired his gun at the complainants' van as they drove off.

When viewed in a light most favorable to the prosecution, the evidence in this case was sufficient to support a finding by the jury that petitioner possessed the requisite specific intent to kill. Therefore, the Michigan Court of Appeals' decision rejecting petitioner's sufficiency of evidence claim was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented at trial. *Steele v. Withrow,* 157 F. Supp. 2d at 740. Petitioner is not entitled to habeas relief on his second claim.

## IV.   ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

_____
HON. LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

DATED: **MAY 19 2005**